IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:24-CV-430-N |
| LONE STAR AEROSPACE, INC., | § § § § | |
| Defendant. | § § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Honeywell International Inc.'s ("Honeywell") motion to dismiss Defendant Lone Star Aerospace's ("Lone Star") counterclaims [24]. Because the counterclaims for declaratory judgment of invalidity and unenforceability are duplicative of affirmative defenses and the antitrust counterclaim fails to plead facts to state a claim, the Court grants Honeywell's motion.

## I. Origins of the Dispute

This is a patent infringement action between two companies specializing in software systems and methods. Honeywell, a corporation that owns patents for software systems and methods, filed suit against Lone Star, an aerospace corporation that offers operational analytics software. Mot. Dismiss Def.'s Countercls. 2–3 [24]. Honeywell's suit claimed that Lone Star's MaxUp Fleet, MaxUp Energy, MaxUp Readiness, and MaxUp Manufacturing solutions infringe on Honeywell's software systems and methods patents.

MEMORANDUM OPINION & ORDER – PAGE 1

*Id.* at 3.  In response, Lone Star asserted seven counterclaims against Honeywell, which Honeywell now moves to dismiss.  *Id.* at 1.

## II.  RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 669 F.3d 812, 816 (5th Cir. 2012).  But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise to a right of relief above the speculative level . . . on the assumption that

all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT GRANTS THE MOTION TO DISMISS

Lone Star filed seven counterclaims against Honeywell. The first six counterclaims raised invalidity and unenforceability, seeking declaratory relief, and the seventh counterclaim raised antitrust violations. In its motion to dismiss, Honeywell argues that the invalidity and unenforceability counterclaims should be dismissed because (1) they are duplicative of Lone Star's affirmative defenses, and (2) because they fail to state a claim. Mot. Dismiss Def's Countercls. 1. The Court determines that Lone Star's first six counterclaims are duplicative of Lone Star's affirmative defenses. Because this is an independently sufficient ground for dismissal, the Court declines to address the sufficiency of the facts to state a claim.

Honeywell argues that the seventh counterclaim should be dismissed for failure to state a claim. *Id.* at 1–2. The Court finds that Lone Star has not pled factual allegations that plausibly show that Honeywell is engaged in anticompetitive sham litigation.

#### A. The Court Grants Honeywell's Motion to Dismiss Lone Star's Declaratory Judgment Counterclaims Mirroring Its Affirmative Defenses

Lone Star raised invalidity and unenforceability as both affirmative defenses and counterclaims, seeking declaratory relief for its counterclaims. The Declaratory Judgment Act grants federal courts broad discretion in determining whether to exercise jurisdiction over claims seeking declaratory judgment. *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1385 (Fed. Cir. 2010). District courts may decline to exercise

MEMORANDUM OPINION & ORDER – PAGE 3

jurisdiction when entertaining claims that would not further the purpose of the Declaratory Judgment Act. *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883 (Fed. Cir. 2008); *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (stating that a court "must make a reasoned judgment whether the investment of time and resources will be worthwhile"). The underlying goal of the Declaratory Judgment Act is to "allow a party 'who is reasonably at legal risk because of an unresolved dispute to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side.'" *Capo, Inc. v. Dioptics Medical Prods., Inc.*, 387 F.3d 1352, 1354 (Fed. Cir. 2004) (quoting *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir. 1993) (abrogated on other grounds)).

This Court has previously declined to entertain similar declaratory counterclaims mirroring affirmative defenses. *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 2019 WL 4860959, at *2 (N.D. Tex. 2019). The Court finds that maintaining Lone Star's declaratory judgment counterclaims mirroring its affirmative defenses would not further the Declaratory Judgment Act's purpose. Lone Star's use of the declaratory judgment vehicle in this procedural context is unnecessary — Lone Star has simply recast as counterclaims the very arguments it pled in response to Honeywell's claims. Dismissing these declaratory counterclaims will not leave Skyline "helpless and immobile." *Capo, Inc.*, 387 F.3d at 1358. On the contrary, to the extent Lone Star requests declaratory judgment simply to limit Honeywell's ability to move for dismissal of its claims, that would appear to be a disfavored use of the declaratory judgment process. The Court thus grants Honeywell's motion to dismiss the invalidity and unenforceability counterclaims.

MEMORANDUM OPINION & ORDER – PAGE 4

### B. The Court Grants Honeywell's Motion to Dismiss Lone Star's Antitrust Counterclaim

Honeywell also seeks dismissal of Lone Star's antitrust counterclaim. Because Lone Star has not pled sufficient facts to meet the Rule 12(b)(6) plausibility standard, the Court also grants the motion as to this counterclaim.

Federal patent law permits parties to give notice of their patent rights to patent infringers and protects parties from antitrust and tort liability for conduct that is based on good-faith assertions of patent rights. 35 U.S.C. § 287(a); *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998) ("[F]ederal authority makes clear that it is not improper for a patent owner to advise possible infringers of its belief that a particular product may infringe the patent."). Under the *Noerr-Pennington* doctrine, a party's assertion of its patent rights does not support liability unless the assertion is made in bad faith and objectively baseless such that "no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 60 (1993); *see Glass Equip. Dev., Inc. v. Besten, Inc.*, 174 F.3d 1337, 1343–44 (Fed. Cir. 1999).

Here, Lone Star seems to contend that the mere assertion of Honeywell's patent rights creates an inference that Honeywell's litigation is made in bad faith. At most, Lone Star points to an exploratory joint venture between the companies as factual proof of anticompetitive conduct but fails to demonstrate the application of those facts to a Sherman Act claim. Def.'s Resp. Mot. Dismiss 6 [26]. Lone Star fails to plead any facts that support an allegation of bad faith or the objective baselessness of the assertion of Honeywell's

patent rights. The closest Lone Star gets is a conclusory allegation that "Honeywell brought its patent infringement claims in bad faith, for an improper purpose, and as a means of directly interfering with and harming Lone Star's business and to frustrate and prevent competition by Lone Star." Def.'s Am. Answer ¶ 58 [19]. Conclusory allegations, without facts to support them, are not accepted as true for the purposes of deciding a motion to dismiss. *Ferrer*, 484 F.3d at 780.

Claims brought under section 2 of the Sherman Act alleging attempted monopolization must show "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power" in the relevant market. *Spectrum Sports v. McQuillan*, 506 U.S. 447, 456–58 (1993). Lone Star's Answer fails to allege facts corresponding to these elements.

The first requirement is that Lone Star alleges predatory or exclusionary conduct. Conduct does not fall into this category simply because it negatively impacts a competitor or violates a law or contract. Rather, conduct is predatory when it is "inconsistent with competition on the merits" and has a "potential for making a significant contribution to monopoly power." *Taylor Publ'g Co. v. Jostens, Inc.*, 216 F.3d 465, 476 (5th Cir. 2000). The crux of Lone Star's predatory and exclusionary conduct claims is that "Honeywell's actions are an abuse of its market power against a small privately held Texas-based company." Def.'s Resp. Mot. Dismiss 6. While Lone Star paints a picture of a "Goliath (Honeywell) versus David (LSA)" as its primary assertion of anticompetitive litigation, Def.'s Resp. Mot. Dismiss 6, Lone Star fails to plead that this lawsuit created "an actual or

MEMORANDUM OPINION & ORDER – PAGE 6

threatened injury to the market as a whole, not just to a particular plaintiff." *Pisharodi v. Columbia Valley Healthcare Sys., LP*, 2015 WL 11123315, at *2 (S.D. Tex. 2015), *aff'd*, 615 F. App'x 225 (5th Cir. 2015) (unpub.). "Accordingly, relief is not available . . . because the only plausible injury [Lone Star] asserts is its own. Only injuries to the market are cognizable." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletics Ass'n*, 751 F.3d 368, 376 (5th Cir. 2014).

Lone Star's answer similarly fails to allege specific intent to monopolize. "A bare allegation that there is a dangerous probability that the defendant will successfully attain monopoly power is insufficient to support a claim for attempted monopolization." *Zhejiang Med. Co. v. Kaneka Corp.*, 2012 WL 12893418, at *3 (S.D. Tex. 2012). Beyond assertions that Honeywell is a "Goliath," "juggernaut," and "multibillion-dollar enterprise" with a "broad[] . . . portfolio[]," Def.'s Resp. Mot. Dismiss 6, 9, Lone Star fails to plead facts that indicate how substantial Honeywell's share of the market is or how they interact with competitors to demonstrate the probability of attaining monopoly power. The mere comparative size of the companies involved in the litigation does not demonstrate a specific intent to monopolize. The extent of Lone Star's antitrust violation allegations are conclusory statements and descriptions such as "Honeywell has, and has exercised, monopoly power in the relevant market," "Honeywell has the power to control prices and/or exclude competition in, or prevent entry into, the relevant market," "Honeywell's actions . . . evidence its specific intent to restrain competition to monopolize the relevant market," and "Honeywell's anticompetitive and monopolistic actions evince its overall predatory scheme to injure or destroy competition in the relevant market." Def.'s Am.

MEMORANDUM OPINION & ORDER – PAGE 7

Answer ¶¶ 51–52, 54, 56. These conclusory allegations, without factual allegations to support them, are not enough to state a claim. *Ferrer*, 484 F.3d at 780.

Because Lone Star has failed to demonstrate Honeywell's conduct or intent to monopolize competition, it also has not shown a dangerous likelihood of monopoly based on these facts.

The Court finds that none of the elements of a Sherman Act claim have been met. The Court thus grants Honeywell's motion to dismiss this claim and grants Lone Star leave to amend.

## CONCLUSION

The Court grants Honeywell's motion to dismiss Lone Star's counterclaims for invalidity, unenforceability, and antitrust violation of the Sherman Act. The Court grants Lone Star leave to replead its antitrust counterclaims within thirty (30) days of the date of this Order.

Signed September 4, 2024.

_____
David C. Godbey
Chief United States District Judge
